Joseph P. MURPHY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

Lincoln Hockey, LLC t/a Washington
Capitals and Chubb Insurance
Group, Intervenors.

No. 05–AA–1335.

District of Columbia Court of Appeals.

Argued Feb. 13, 2007.

Decided Nov. 8, 2007.

Benjamin T. Boscolo, Greenbelt, MD, for petitioner.

Stewart S. Manela, Washington, DC, for intervenors.

Robert J. Spagnoletti, Attorney General for the District of Columbia, at the time the brief was filed, Edward E. Schwab, Deputy Solicitor General for the District of Columbia, at the time the brief was filed, and Todd S. Kim, Solicitor General for the District of Columbia, filed a statement in lieu of brief for respondent.

Before GLICKMAN, KRAMER, and BLACKBURNE–RIGSBY, Associate Judges.

KRAMER, Associate Judge:

Petitioner Joseph Murphy seeks review of an order from the Compensation Review Board (the Board) affirming a denial by an Administrative Law Judge (ALJ) of his claim for Workman's Compensation pursu-

ant to the District's Workers' Compensation Act (the Act).[1] He maintains that the ALJ erred in declining to consider his claims that the collective bargaining agreement between his labor union—the National Hockey Players Association—and the National Hockey League expanded the coverage of the Act to encompass the injury for which he sought compensation. We conclude that the agency's ruling that it lacked jurisdiction to hear this claim was correct and therefore affirm.

### Factual Background

The relevant facts are essentially undisputed. At the time of the events at issue, petitioner Murphy was a professional hockey player with the Washington Capitals. In December 2000, he traveled to New York for his team's game with the New York Rangers. Having recently suffered an injury during a game in Atlanta, he was unable to play in New York, but watched from the stands and on the television in the team's dressing room. After the game, he accompanied about twenty of his teammates to a dinner at a restaurant, paid for by his employer, where he and others drank a substantial amount of beer and vodka. Thereafter, some of the hockey players, including Murphy, went to a club, where they drank more beer and vodka. At closing time, while the group was out on the street near the club, Murphy tried to persuade a woman to accompany him in a limousine. His efforts resulted in Murphy's being hit over the head with a bottle by a man acquainted with the woman, causing him injuries which necessitated medical treatment. Within days thereafter he was informed that his contract had been assigned to the Capital's

minor league team in Lowell, Massachusetts, where he was told to report or face suspension. Murphy felt he was physically unable to play and refused to report; he was thereafter suspended and eventually terminated. He has not played professional hockey since that termination.[2]

### The Proceedings Before the Department of Employment Services

Pursuant to the District's Workers' Compensation Act, Murphy filed for Workers' Compensation benefits with the Department of Employment Services, asserting "that as a traveling employee, the injuries he sustained on December 7, 2000, arose out of and in the course of his employment." This claim was rejected by the ALJ, who found that "while ... claimant was in New York for the sole purpose of traveling with his employer and ... having dinner after the game was an activity related to his employment," his "venture to the lower east side to patronize a bar ... after the dinner was not an activity incidental to his employment nor would it have been foreseeable by employer." The ALJ further found that "the activity which took place after the dinner is not ... reasonably related to or incidental to his employment as a hockey player, regardless of who was the aggressor, if it was forbidden, condoned or even whether alcohol was involved." Thus, the ALJ concluded as a matter of law that Murphy "was not in the course of his employment on the morning of December 7, 2000, when he was assaulted outside [the club] in New York City." The Board affirmed this ruling, and Murphy does not contest the agency's position that under the standards of the District's Workmen's Compensation

---

1. Codified at D.C.Code §§ 32–1501 *et seq.* (2001).

2. Beginning in approximately December 2000, and continuing at least through the

agency proceedings in June 2003, appellant received $900,000 a year on a deferred compensation contract with one of his former teams.

Act, his injury did not arise out of and in the course of employment. *See* D.C.Code §§ 32–1501(12), 32–1503.

Rather, he argues in this appeal, as he did before the ALJ and the Compensation Review Board, that he was nonetheless entitled to recover under the Workers' Compensation Act based upon a provision of his Collective Bargaining Agreement between the National Hockey League and the National Hockey League Players' Association. That provision reads:

A player under contract who is disabled and unable to perform his duties as a hockey player by reason of any injury sustained during the course of his employment as a hockey player, including travel with his team or on business requested by the club, shall be entitled to receive his remaining salary due in accordance [with] the term of his contract for the remaining stated term of his contract.

He interprets this provision to mean that if a player is injured during the course of his employment as a hockey player, including, without limitation, "travel with his team," the player is entitled to be awarded compensation for this contractual right by the Administrative Law Judge in the same proceeding that addresses his right to compensation under the District's Workers' Compensation Act. The ALJ ruled, however, that "claimant's remedy for any breach of the [Collective Bargaining Agreement] or [standard player contract] lies with the Labor Management Relations Act ... administered by the Federal Government and not this administrative forum," and further that "just as [D.C.Code] § 32–1516(b) [3] prohibits agreements made by employees to waive rights to compensation, agreements made between employers

and employees as to the compensability of future claims filed under this Act also shall not be valid."

The Compensation Review Board upheld the ALJ's ruling. The Board reasoned:

Petitioner may well be correct that ... employers and employees, are free to enter into contracts that call for greater protections and benefits than does the Act alone. Indeed, one assumes that [Collective Bargaining Agreements] and employment contracts generally have provisions which allow for greater compensation, workplace health and safety protections or other conditions of employment, than statutory law compels, for such agreements would have no reason for existing if they provided for no more than the law compels in their absence.

The Board concluded, however, that "the Act does not grant this agency jurisdiction over the interpretation and enforcement of such extra-legislative agreements, and we, therefore, do not consider what effect, if any, the facts of this case might have upon their terms, or vice versa." Thus, we are confronted with the issue of whether the jurisdiction of an Administrative Law Judge extends to awarding benefits derived from employer/employee agreements that are outside of the District's Workers' Compensation Act during the course of a Workers' Compensation claim proceeding. We affirm the Board's holding that its jurisdiction does not extend to the interpretation and enforcement of such extra-legislative agreements.

In support of his position that such additional, non-statutory benefits can be awarded as part of a Workers' Compensation claim proceeding, Murphy relies upon

---

**3.** Section 32–1516(b) reads: "No request by an employee to waive his right to compensa-

tion under this chapter shall be valid."

*Nelson v. Victory Electric Works,* 227 F.Supp. 404 (D.Md.1964), a Maryland case that held that under Maryland's Workers' Compensation statute, an employee may not waive a claim for compensation before an injury or disability takes place, but noted that an employer and employee can agree that an employee will be entitled to benefits beyond what the Act would provide. Based upon *Nelson,* Murphy asserts that he should be entitled to "the contractually bargained for extension of the employment to include, without limitation, travel with his team," and thus entitled to an award of benefits (whether Workman's Compensation or contractual) for the injury he suffered in New York because it happened at a time when he was "traveling with his team." Moreover, his position is that the ALJ had jurisdiction to award compensation based upon this contractual provision even if compensation under the Workers' Compensation Act was itself barred.

Apart from the fact that *Nelson* is not controlling law in the District of Columbia, in relying on *Nelson,* Murphy ignores the fact that the Maryland court rejected Nelson's claim for compensation based on a contractual agreement outside the Worker's Compensation framework. In doing so, it commented—as the Board did here—that the Maryland Workers' Compensation Act "would not appear to prevent the employer, by agreement independent of, and outside the provisions of [the Act] from complementing or supplementing the Compensation Act as to the total sums recoverable or receivable." *Id.* at 406.[4] Thus, *Nelson's* holding would not (even were it binding precedent), allow the parties to an employment relationship to establish by contract that the workers' compensation

laws apply in situations not contemplated by the legislature. Instead, at best, *Nelson* recognized that such laws simply establish a floor that the parties, "by agreement independent of, and outside the [laws'] provisions," may complement or supplement by express contract. *Nelson, supra,* 227 F.Supp. at 406.

We need not look to Maryland precedent for guidance, however, because we have previously had occasion to address the issue of whether the jurisdiction of a District of Columbia administrative agency can be extended by agreement of the parties. In *Spring Valley Wesley Heights Citizens Ass'n v. District of Columbia Bd. of Zoning Adjustment,* 644 A.2d 434, 437 (D.C. 1994), where the issue was the scope of the jurisdiction of the Board of Zoning Appeals, we held specifically: "The jurisdiction of an administrative agency cannot be extended by agreement of the parties." Moreover, the Workers' Compensation Act itself states: "The liability of an employer prescribed in § 32–1503 [defining the coverage of the Act] shall be exclusive and in place of all liability of such employer to the employee . . . ." D.C.Code § 1504(a). And in *Grillo v. National Bank of Washington,* 540 A.2d 743, 748 (D.C.1988), we explained, "[F]or injuries which are compensable under the WCA, an employee is limited to the remedy provided by the statute. Conversely, for injuries which are not compensable under the WCA, no remedy is available under the statute." Thus, Murphy's position is directly contrary to our clear precedent.

At oral argument, Murphy argued for the more modest position that the private parties' understanding of what activities

---

4. *See also Baltimore Transit Co. v. Harroll,* 217 Md. 169, 141 A.2d 912 (1958), cited by *Nelson* as recognizing in dictum that it would be permissible for parties "to supplement the benefits under the Act or to relax its restrictions or requirements in favor of the employees." *Nelson* at 227 F.Supp. at 407 (quoting *Harroll, supra,* 141 A.2d at 914).

fall within the scope of employment, as evidenced by the Collective Bargaining Agreement, should be adopted by the ALJ when interpreting the meaning of "arising out of or in the course of employment" in the Act, thereby altering the scope of his rights under the Act. This argument is unsupported by any authority and we flatly reject it.

■■■ Moreover, where, as here, an agency deals with an issue of the proper statutory interpretation of its own governing statute, we review its decision under the following well-established standard:

> This court will uphold the agency's interpretation of [the District's Workers' Compensation Act] unless the interpretation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. . . . We defer to a reasonable construction of the statute made by the agency . . . The agency's interpretation of the statute it administers is binding on this court unless it conflicts with the plain meaning of the statute or its legislative history. . . . Indeed, we must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance.

*Lincoln Hockey LLC v. District of Columbia Dep't of Employment Svcs.*, 810 A.2d 862, 866 (D.C.2002) (quoting *Mushroom Transp. v. District of Columbia Dep't of Employment Svcs.*, 698 A.2d 430, 432 (D.C. 1997)). Applying that standard here, we conclude that the Board's ruling that "the Act does not grant this agency jurisdiction over the interpretation and enforcement of such extra-legislative agreements, and we therefore do not consider what effect, if any, the facts of this case might have upon their terms, or vice versa" was not "arbi-

trary, capricious, an abuse of discretion or otherwise not in accordance with the law," but a "reasonable interpretation," which we sustain.

Accordingly, the decision of the Compensation Review Board is

*Affirmed.*